NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANDREW S. HANGO, | : | Civil No. 04-2361 (JAG) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| IMMIGRATION SERVICE, et al., | : | |
| Respondents. | : | |

**APPEARANCES**:

    ANDREW S. HANGO, A76 029 374
    Pine Prairie Correctional Center
    P.O. Box 650
    Pine Prairie, LA  70576
    Petitioner Pro Se

**GREENAWAY, Jr.**, District Judge

    Petitioner Andrew S. Hango, an immigration detainee, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging denial of a motion to reopen his removal proceeding.[1]  This Court stayed removal pending the outcome of the litigation.  The government filed an Answer accompanied by certified copies of relevant documents, and Petitioner filed a motion to file additional documents in support of the Petition and papers in opposition to the Answer.  For the reasons set forth below, the Court grants Petitioner's motion, vacates the stay of removal, and dismisses the Petition with prejudice.

---

[1] Petitioner was confined at Bergen County Jail in New Jersey at the time he filed the Petition.  The government subsequently moved him to Louisiana.

## I.  BACKGROUND

Petitioner is a citizen of Tanzania who was admitted to the United States in 1997 on a non-immigrant visa to study at Cuyahoga Community College in Cleveland, Ohio.  On June 17, 1998, he married Candice Melvina Hango, a United States citizen.  On September 3, 1998, his wife filed an I-130 immediate relative petition to have him classified as the spouse of a United States citizen.  See 8 U.S.C. § 1154(a)(1).  On April 17, 2000, Petitioner filed an application for adjustment of status, Form I-485, based on his wife's I-130 immediate relative petition.  On February 26, 2001, the District Director of the Immigration and Naturalization Service ("INS")[2] in Cleveland denied his wife's immediate relative petition on the ground that evidence in the file showed that the marriage was fraudulent and entered into for the purpose of evading the immigration laws.  See 8 U.S.C. § 1154(c).  Also on February 26, 2001, the District Director denied Petitioner's application for adjustment of status on the ground that, given denial of the immediate relative petition, no immigrant visa was available to which Petitioner may adjust his status.  See 8 U.S.C. § 1255(a).

Immigration authorities thereafter placed Petitioner in removal proceedings.  On September 4, 2001, the INS issued a Notice to Appear, charging that Petitioner was subject to removal for failure to maintain non-immigrant status.  On October 2, 2002, Immigration Judge ("IJ") Elizabeth A. Hacker determined that Petitioner was removable as an overstay and granted his application for voluntary departure in lieu of removal.  The order, entered on October 2, 2002,

---

[2] In March 2003, the Department of Justice transferred the functions of the Immigration and Naturalization Service to the Department of Homeland Security.  See Homeland Security Act of 2002, Pub. L. No. 107-296 § 471, 116 Stat. 2135 (2002).

grants voluntary departure on or before January 30, 2003, or any extension thereof, contingent upon Petitioner's posting a voluntary departure bond in the amount of $500 by October 9, 2002. The order further provides that, if the conditions set forth in the order are not met or if Petitioner fails to depart by the voluntary departure date, then the order for voluntary departure "shall be withdrawn without further notice or proceedings and the following order shall become immediately effective: respondent shall be removed to Tanzania on the charges in the Notice to Appear." [3]

Petitioner did not depart by the voluntary departure date. On January 28, 2003, Petitioner married Twilla J. Jefferson, a United States citizen. On February 3, 2003, an attorney sent a letter to the District Director on his behalf, requesting a 90-day extension of the voluntary departure period based on Petitioner's marriage. The District Director denied the request. On February 11, 2003, Petitioner's new wife filed an I-130 immediate relative petition on his behalf with immigration authorities. Petitioner asserts that there has been no ruling on this immediate relative petition to date.

On November 3, 2003, Petitioner filed a motion to reopen with the IJ based on his marriage, his second wife's pending I-130 immediate relative petition, and the hardship his removal would impose on his second wife and family. The IJ denied the motion to reopen on November 28, 2003, on the ground that it was untimely. Petitioner appealed and on February 20, 2004, the BIA affirmed without opinion the IJ's denial of the motion to reopen. On May 28,

---

[3] The order also advises Petitioner of the legal consequences of failure to depart voluntarily.

2004, the BIA reissued the February 20, 2004, decision because it had not been served on Petitioner's attorney.

The Clerk of the Court accepted the Petition under § 2241 for filing on May 19, 2004. Petitioner challenges the denial of his motion to reopen. He asserts that the DHS should be estopped from removing him because the affirmative misconduct of immigration officials prevented him from posting the voluntary departure bond within the time set by the order for voluntary departure. He further argues that, by denying the motion to reopen prior to adjudication of his second wife's I-130 immediate relative petition, the BIA deprived him of his statutory right to seek adjustment of status based on his second marriage to a United States citizen. Petitioner seeks a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, vacating the order of removal. This Court stayed Petitioner's removal pending the outcome of this case.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S.

488, 490-91 (1989)). This Court has subject matter jurisdiction over the instant Petition because Petitioner was detained at a jail in New Jersey in the custody of the DHS at the time he filed his Petition. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Lee, 357 F.3d at 342; Chong v. Dist. Dir., INS, 264 F.3d 378, 382-83 (3d Cir. 2001).

B.  The Merits

The order of removal to Tanzania became effective on January 30, 2003, when Petitioner failed to depart voluntarily.[4] Respondents argue that Petitioner is statutorily ineligible for adjustment of status because the Attorney General determined in 2001 that his first marriage was fraudulent, see 8 U.S.C. § 1154(c), and because he failed to depart voluntarily within the time period specified in the voluntary departure order, see 8 U.S.C. § 1229a(d). Petitioner argues that he is not subject to the statutory bar under 8 U.S.C. § 1154(c)(2) because he did not enter into his first marriage for the purpose of evading immigration laws. He contends that, by denying his motion to reopen while his wife's I-130 petition was pending, the IJ and the BIA deprived him of the statutory right to a decision on his application for adjustment of status based on his marriage to a United States citizen on January 28, 2003.

When a United States citizen marries an alien, the citizen may file a petition to have the spouse classified as an immediate relative of a citizen. See 8 U.S.C. § 1154(a)(1). The alien spouse may apply for adjustment of status based on the immediate relative petition filed by his

---

[4] Petitioner's argument regarding the refusal to accept his voluntary departure bond within the time set forth in the order for voluntary departure is irrelevant because the order of removal would have gone into effect automatically in any event as a result of Petitioner's failure to depart by the voluntary departure date.

citizen spouse. See 8 U.S.C. § 1255(a).[5] However, an alien who entered into a fraudulent marriage to evade immigration laws is permanently ineligible for adjustment of status based on an immediate relative petition. See 8 U.S.C. § 1154(c)(2). Specifically, § 1154(c)(2) provides:

> Notwithstanding the provisions of subsection (b) of this section no petition [based on an immediate relative status to a U.S. citizen] shall be approved if . . . the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

8 U.S.C. § 1154(c)(2).

In this case, the District Director determined on February 26, 2001, that Petitioner's first marriage was fraudulent and entered into for the purpose of evading the immigration laws. This decision became final 15 days later when the time to appeal to the BIA expired.[6] See 8 C.F.R. §§ 204.2(a)(3), 1003.1(b)(5). Given this determination, § 1154(c) is an absolute bar to Petitioner's adjustment of status based on his second wife's immediate relative petition. See Sondh v. Gonzales, 122 Fed. Appx. 410, 415 (10th Cir. 2005); Akinwande v. Ashcroft, 380 F.3d 517 (1st Cir. 2004); Valdivia v. Ashcroft, 110 Fed. Appx. 258, 262 (3d Cir. 2004); Salas-Velazquez v. I.N.S., 34 F.3d 705, 707 (8th Cir. 1994); 8 C.F.R. § 204.2(a)(ii). As the Third Circuit recently observed, § 1154(c)(2) "is clear that once an alien entered into a marriage for immigration purposes only, s/he is not given a second chance." Valdivia v. Ashcroft, 110 Fed. Appx. at 262.

---

[5] Section 1255(a) provides that the status of an alien having an approved I-130 petition for alien relative under 8 U.S.C. § 1154(a)(1) "may be adjusted . . . to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a).

[6] The decision of the District Director indicated that it would become final unless an appeal to the BIA was filed within 15 days.

Because Petitioner is statutorily ineligible for adjustment of status based on his second wife's immediate relative petition, see 8 U.S.C. § 1154(c)(2), habeas relief is not warranted.

### III.  CONCLUSION

Based on the foregoing, the Court vacates the stay of removal and dismisses the Petition.

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: May 16, 2005