NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| ANDREW S. HANGO, | : | Civil Action No. 04-2361 (JAG) |
|  | : |  |
| Petitioner, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| IMMIGRATION SERVICE, et al., | : |  |
|  | : |  |
| Respondents. | : |  |

**APPEARANCES**:

    ANDREW S. HANGO, A76 029 374
    Texas Parish Detention Center
    8606 Highway 65, C-14
    Waterproof, Louisiana  71375
    Petitioner Pro Se

    CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
    ANTHONY J. LaBRUNA, ASSISTANT U.S. ATTORNEY
    970 Broad Street, Suite 700
    Newark, New Jersey  07102

**GREENAWAY, JR., U.S.D.J.**

In the action before this Court, pursuant to 28 U.S.C. § 2241, Andrew S. Hango challenges his post-removal-period detention in the custody of the Department of Homeland Security ("DHS").[1] On August 30, 2006, Petitioner filed a motion for expedited adjudication,

---

[1] The Homeland Security Act of 2002, 6 U.S.C. §§ 101-557, P.L. 107-296, 116 Stat. 2135 (Nov. 25, 2002), created the Department of Homeland Security.  6 U.S.C. § 271(a).  The Act transferred the functions of the Commissioner of the INS to the Director of the Bureau of Citizenship and Immigration Services, within the Department of Homeland Security, 6 U.S.C. §
                                                                                                                                                                                                                            (continued...)

and on September 21, 2006, Petitioner filed a motion to supplement the record. Respondents filed a Response seeking dismissal of the Petition as moot. For the reasons expressed below, this Court will dismiss the Petition and deny Petitioner's motions as moot.

## I.  BACKGROUND

Petitioner challenges his post-removal-period detention on the grounds that his confinement is not authorized by 8 U.S.C. § 1231(a)(6), as construed by Zadvydas v. Davis, 533 U.S. 678, 700-701 (2001), and it violates his Fifth Amendment right to due process of law. The government argues that the Petition is moot because the United States District Court for the Western District of Louisiana ordered Petitioner's release.

Petitioner is a citizen of Tanzania who was admitted to the United States in 1997 on a non-immigrant visa to study at Cuyahoga Community College in Cleveland, Ohio. On September 4, 2001, the INS issued a Notice to Appear for removal proceedings, charging that Petitioner was subject to removal for failure to maintain non-immigrant status. On October 2, 2002, Immigration Judge ("IJ") Elizabeth A. Hacker determined that Petitioner was removable as an overstay and granted his application for voluntary departure in lieu of removal. The order, entered on October 2, 2002, grants voluntary departure on or before January 30, 2003, or any extension thereof, contingent upon Petitioner's posting a voluntary departure bond in the amount of $500 by October 9, 2002. The order further provides that, if the conditions set forth in the order are not met or if Petitioner fails to depart by the voluntary departure date, then the order for voluntary departure "shall be withdrawn without further notice or proceedings and the following

---

[1](...continued)
271(b), and abolished the INS, 6 U.S.C. § 291.

order shall become immediately effective:  respondent shall be removed to Tanzania on the charges in the Notice to Appear."

Petitioner did not post the bond, and he did not depart by the voluntary departure date.  On January 28, 2003, Petitioner married Twilla J. Jefferson, a United States citizen.  On February 3, 2003, an attorney sent a letter to the District Director on his behalf, requesting a 90-day extension of the voluntary departure period based on Petitioner's marriage.  The District Director denied the request.  On February 11, 2003, Petitioner's new wife filed an I-130 immediate relative petition on his behalf with immigration authorities.  On May 18, 2005, the petition was approved.

On November 3, 2003, Petitioner filed a motion to reopen with the IJ based on his marriage, the then-pending I-130 immediate relative petition, and the hardship his removal would impose on his wife and family.  On November 10, 2003, a warrant of removal issued against Petitioner.  The IJ denied the motion to reopen on November 28, 2003, on the ground that it was untimely.  Petitioner appealed, and on February 20, 2004, the BIA affirmed without opinion the IJ's denial of the motion to reopen.  On May 28, 2004, the BIA reissued the February 20, 2004, decision because it had not been served on Petitioner's attorney.  On June 30, 2005, the BIA denied as untimely Petitioner's motion to reopen and reconsider its May 28, 2004, decision.

On May 19, 2004, Petitioner filed this Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.  On June 2, 2004, this Court stayed the order of removal.  In an Opinion and Order entered May 23, 2005, this Court vacated the stay of removal and dismissed the Petition with prejudice.  On the same date, the United States Attorney for the District of New Jersey filed a letter arguing that, since the Petition challenged only the final order of removal, the case should

3

have been transferred to the United States Court of Appeals, pursuant to the REAL ID Act of 2005. By Order entered June 2, 2005, this Court vacated its Opinion and Order entered May 23, 2005, transferred the matter to the United States Court of Appeals for the Sixth Circuit as a petition for review, pursuant to the REAL ID Act, and closed the file.

On February 27, 2006, Petitioner filed a motion to reconsider, arguing that this Court transferred his § 2241 Petition to the Sixth Circuit Court of Appeals without bifurcating the Petition and retaining jurisdiction over claims challenging his detention. By Order entered July 19, 2006, this Court granted Petitioner's motion, and reopened the case with respect to Petitioner's claims challenging his detention.

Petitioner filed a motion for expedited adjudication on August 30, 2006, and a motion to supplement the Petition on September 21, 2006. In response to Petitioner's motions, on September 27, 2006, the United States Attorney filed a letter seeking dismissal of the Petition as moot on the ground that "Petitioner preliminarily has been granted the relief which he seeks in this Court, by the District Court in Louisiana." (Letter from United States Attorney, dated Sept. 27, 2006.) Attached to the letter is a copy of a Report and Recommendation by United States Magistrate Judge Karen L. Hayes, filed September 15, 2006, in <u>Hango v. Attorney General</u>, Civil No. 05-2196 (RGJ) (W.D. La. filed Dec. 20, 2005). According to the docket, on December 20, 2005, Andrew Hango filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the Western District of Louisiana, seeking release from custody, pursuant to <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). On May 31, 2006, United States Magistrate Judge Karen L. Hayes ordered an evidentiary hearing and appointed the federal public defender to represent Andrew Hango. On July 11, 2006, an evidentiary hearing was conducted.

On September 15, 2006, United States Magistrate Judge Karen L. Hayes recommended that the petition for writ of habeas corpus be granted and that Petitioner be released from custody under appropriate restrictions.  On October 5, 2006, Respondents filed an objection.  On November 6, 2006, United States District Judge Robert G. James adopted the Report and Recommendation, granted Andrew Hango's Petition for a Writ of Habeas Corpus, and ordered the United States Immigration and Customs Enforcement to release Petitioner, under appropriate terms of supervision, pending removal.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction over the instant Petition because Petitioner was detained at a jail in New Jersey in the custody of immigration officials at the time he filed his Petition, and he asserts that his detention violates federal law.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998);  Lee, 357 F.3d at 342.  The question here is whether the Order, filed November 6,

5

2006, which directs the government to release Petitioner under an order of supervision, caused this Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution.  See DeFunis v. Odegaard, 416 U.S. 312, 316 (1974).

The exercise of judicial power depends upon the existence of a case or controversy. Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. art. III, § 2.  "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) .  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

Although neither the Supreme Court nor the United States Court of Appeals for the Third Circuit has decided whether a Zadvydas claim becomes moot when the government releases an alien under an order of supervision, several Supreme Court opinions are instructive.  For example, in Jones v. Cunningham, 371 U.S. 236, 240, 243 (1963), the Court held that a prisoner's habeas petition challenging his state sentence does not become moot when he is released on parole.  On the other hand, in Spencer v. Kemna, 523 U.S. 1 (1998), the Court considered whether a habeas petition challenging the revocation of the petitioner's parole became moot when the petitioner's sentence expired.  The Court explained that, because the reincarceration that the petitioner suffered as a result of the allegedly wrongful termination of his

6

parole was over and the petitioner had not proved the existence of "collateral consequences" of the parole revocation, the petition was moot.

The Spencer Court relied on Lane v. Williams, 455 U.S. 624 (1982). In Lane, the petitioners argued that the trial court's failure to advise them, before accepting their guilty pleas, that Illinois law required every indeterminate sentence of incarceration to include a three-year parole term, deprived them of due process. They filed their habeas petitions when parole was revoked and they were reincarcerated. They did not attack their guilty pleas because they had completed the original terms of incarceration. Instead, they sought "specific enforcement" of the plea agreement as they understood it. During the course of the proceedings, the mandatory parole term expired. The Court determined that the petitions became moot because the consequence that gave rise to the constitutional harm, i.e., the mandatory parole term, expired of its own accord in the course of their attack.[2]

In this case, Petitioner challenges his post-removal-period detention as not authorized by 8 U.S.C. § 1231(a)(6), as construed by Zadvydas. When United States District Judge Robert G. James ordered the government to release Petitioner from detention on November 6, 2006, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7.

---

[2]See also Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (prisoner's complaint for declaratory and injunctive relief challenging his transfer from medium to maximum security prison without explanation or hearing became moot after he had been transferred back to minimum security prison and a notation had been placed in his file stating that the transfer should have no bearing in any future determinations, insofar as there is now "no reasonable expectation that the wrong will be repeated").

Accordingly, this Court will dismiss the Petition as moot. This Court will also deny Petitioner's motions for expedited adjudication and to supplement the record as moot.

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition and denies Petitioner's motions as moot.

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: November 28, 2006